JOHN PHILLIPS, plaintiff in error, *vs.* JAMES D. PARNELL and WILLIAM JENNINGS, defendants in error.

A bail bond conditioned that the principal "shall well and truly pay the condemnation of the Court, or surrender his body to prison in execution of the same, in terms of the law, and upon failure thereof, the security will do it for him," is a good and valid bond.

*Scire facias* against bail, in Fayette Superior Court. Decision made by Judge HAMMOND, at September Term, 1860.

John Phillips brought an action in Fayette Superior Court against James D. Parnell, for the seduction of the plaintiff's daughter, in which action an order for bail was regularly taken, and William Jennings became bail for Parnell.

The condition of the bail bond was as follows, that is to say:

"Now if the said James D. Parnell, in case he is cast in his suit, shall well and truly pay and satisfy the condemnation of the Court, or render his body to prison in execution of the same, in terms of the law in such case made and provided, and upon failure thereof, the said William Jennings will do it for him, then the bond to be void."

A judgment in favor of the plaintiff for $500 00 was rendered, and a *capias ad satisfaciendum* against Parnell was regularly sued out and return with an entry of *non est inventus.*

A *scire facias* was then issued against the bail, and when the same was called for a hearing, counsel for Jennings moved to dismiss the *scire facias* and discharge the bail, on the

ground that the bail bond contained a clause prejudicial to the security, and that the same was not conformable to law.

The presiding Judge sustained the motion, dismissed the *scire facias* and discharged the bail.

This ruling is the alleged error.

A. W. STONE, for plaintiff in error.

TIDWELL & WOOTEN, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The bail bond, which is the subject matter of this controversy, does not contain any clause, condition or stipulation, that is not warranted by law, nor does it omit any required by law that is to the benefit of the security; but contains all, and only that prescribed by law, namely: "That the principal shall well and truly pay the condemnation of the Court or surrender his body to prison in execution of the same in terms of the law, and upon failure thereof the security will do it for him," that is, pay the debt for him. Tucker and others vs. Davis & Potter, 15 Ga. R., 574. The clause omitted in that case was, " that the principal shall pay the debt," so that the sureties could only satisfy the terms of the bond by rendering their bodies in prison for the principal, in case he did not—not by a payment of the debt. The judgment of the Court, therefore, in dismissing the *scire facias* and discharging the bail was erroneous.

Let the judgment be reversed.